Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
 Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESITA PALCES, an individual, | Case No.: 11-CV-01355-SC |
| Plaintiff,<br>v. | **MOTION TO ENFORCE SETTLEMENT**<br>Date:   October 14, 2011 |
| AAA CREDIT SERVICE COLLECTION AGENCY, INC., | Time: 10:00 a.m.<br>Dept.: Courtroom 1, 17th Floor<br>Place: 450 Golden Gate Avenue, San Francisco |
| Defendants.                           / | Judge: Honorable Samuel Conti |

Plaintiff, Teresita Palces, by and through her attorney, Irving L. Berg, respectfully requests that this Honorable Court issue an order enforcing the Settlement Agreement entered into by the parties, and in support states the following:

1.      Defendants have refused to make payment as provided in the settlement agreement that was negotiated by their lawyers on their behalf.  In the interests of fairness and judicial economy, Defendant asks that this Court enforce the Settlement Agreement against Defendant.

2.      Several decisions from the 7th Circuit offer guidelines in this matter.  There the Court held:  Parties cannot avoid the impact of a negotiated settlement where they have a "change of hear" *Baptist v. City of Kankakee*, 481 F.3d 485, 488 (7th Cir. 2007). *See also, Adams v. O'Leary*, 1988 WL 6751, *2 (N.D. Ill. 1988) ("[S]econd thoughts or second guessing do not justify the court's intervention to rescue litigant from what he may now think is a bad deal.")).

3.      The terms of the Settlement Agreement were agreed to following several e-mail and telephone exchanges between the Defendant's attorneys Andrew Steinheimer and Plaintiff's

1  attorney and were cause to advise the ADR unit that the case was settled.  Through these
2  negotiations, the parties arrived at a settlement of this matter which was put into writing by
3  Defendant's counsel and agree to by the parties.  The nature of the agreement is not complex.  In
4  summary, Defendant agreed to pay $4,400 to Plaintiff and his attorneys as consideration for a
5  dismissal, with prejudice, of this case as to Plaintiff.

6      4.    "A settlement agreement is a contract and as such, the construction and
7  enforcement of settlement agreements are governed by principles of local law applicable to
8  contracts generally." *Laserage Tech Corp. v. Laserage Lab Inc.*, 972 F.2d 799, 803 (7th Cir.
9  1992) (quoting *Air Line Stewards & Stewardesses Assoc. V. Trans World Airlines, Inc.* 713 F.2d
10 319, 321 (7th Cir. 1983)).  This court has the inherent authority to enforce a settlement agreement
11 entered into by the parties and their counsel.  *Hyde Park Union Church v. Curry*, 942 F.Supp.
12 360, 363 (N.D. Ill. 1996) (even oral agreements to settle litigation where terms are not reduced to
13 writing are enforceable where there is an offer, acceptance, and meeting of the minds).

14     5.    The present circumstances *do not* present a case of one party believing that an
15 agreement had been formed and the other side disagreeing.  Rather, the facts demonstrate that
16 counsel for Plaintiff and Defendant both agreed that an agreement had been reached.

17     6.    Counsel for Defendant has not revealed why Defendants will not pay the
18 agreed sum.  However, whether Defendants did not agree to each and every term of the
19 agreement is immaterial.  *See, e.g., Baptist v,* 481 F.3d at 490-91 ("[T]he adequacy of counsel's
20 advice regarding settlement is an improper factor in evaluation whether a settlement is knowing
21 and voluntary ... Because the plaintiffs were represented by independent counsel and claim
22 neither fraud nor duress, the settlement agreement is presumed to be knowing and voluntary and
23 the district court need not have evaluated the circumstances surrounding it."). *See also, Seymour*
24 *v. Hug*, 413 F.Supp.2d 910, 925-26 (N.D. Ill. 2005).

25     7.    The attorney of record for Defendant and Plaintiff have worked to settle this case.
26 To the extent that Defendants are able to walk away from this Settlement Agreement, Plaintiff
27 would be severely prejudiced because it would be required to start back at square one and return
28 to litigating this case, issuing and producing discovery, and preparing a motion for summary

1  judgment, to name just a few tasks,.

2      8. In summary, fundamental justice requires this Court to enforce the settlement as

3  agreed by the parties.

4      WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests that this

5  Honorable Court enforce the Settlement Agreement against Defendants and order further relief as

6  the Court deems just, including but not limited to the costs of bringing this motion pursuant to 28

7  U.S.C. § 1927.

8      Respectfully submitted,

9      THE BERG LAW GROUP

10

11 Dated:  September 1, 2011     _____/s/_____
    Irving L. Berg
12     Attorney for Plaintiff